# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM HOLDRIDGE, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | No. 16-4691 |
| EXPERIAN INFORMATION : | |
| SOLUTIONS, INC., and : | |
| BANK OF AMERICA CORP., : | |
| Defendants. : | |

**MCHUGH, J.**                                                                                                            **April 19, 2017**

## MEMORANDUM

Plaintiff Adam Holdridge claims that credit reports furnished by Defendant Experian Information Solutions, Inc. (Experian) inaccurately stated that he owed $85,000 to Defendant Bank of America. Holdridge claims that he notified both Defendants of the inaccuracy but that they failed to reasonably investigate his claims or take remedial measures as required by the Fair Credit Reporting Act (FCRA).[1] Experian has filed an answer to Holdridge's Complaint. Bank of America now moves to dismiss the claims against it pursuant to Rule 12(b)(6). For the reasons that follow, that motion will be denied.

## I.      STANDARD

A complaint is properly dismissed under Rule 12(b)(6) when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the court must first separate the factual and legal elements of a claim, accepting as true all well-

---

[1] Holdridge also brought FCRA claims against Trans Union, LLC, however those claims were voluntarily dismissed with prejudice pursuant to Rule 41. *See* Dkt. 21.

1

pleaded facts while disregarding any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## II. DISCUSSION

Holdridge brings his FCRA claim against Bank of America under 15 U.S.C. § 1681s2-b. This section provides a limited private right of action against "furnishers," like Bank of America, that provide erroneous financial records to credit reporting agencies. To sue a furnisher under § 1681s2-b, a plaintiff must first file a dispute with a credit reporting agency that received and published the inaccurate information. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011). The credit reporting agency must then notify the furnisher of, and forward "all relevant information regarding," that dispute. § 1681(i)(a)(2). Only after the furnisher receives this notice does § 1681s-2(b) require it to:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency . . . ;
> (C) report the results of the investigation to the consumer reporting agency; [and]
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis[.]

Regarding a furnisher's duty to investigate disputed information, the Third Circuit has held that FCRA entitles consumers to a "reasonable" investigation, that is, "one that a reasonably prudent person would undertake under the circumstances." *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010).

2

It is a furnisher's failure to abide by § 1681s-2b's requirements (as amplified by the Third Circuit) that exposes it to liability under FCRA. In other words, to state a cognizable claim under § 1681s-2b, Holdridge must establish that:

> (1) that he notified a [credit reporting agency] of the dispute . . . , (2) that the [agency] notified the party who furnished the information, and (3) that the party who furnished the information failed to [reasonably] investigate or rectify the disputed charge.

*Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015).

Bank of America attacks Holdridge's Complaint on two fronts. First, it argues that Holdridge has pled his way out of a § 1681s2-b claim by alleging that Experian failed to "contact[] any third parties that would have relevant information concerning Plaintiff's disputes," a group that necessarily includes Bank of America. Compl. ¶ 16. Because Bank of America's duties under § 1681s-2b are triggered only after it receives notice of a dispute from credit reporting agency, it argues that Holdridge's allegation is fatal to his FCRA claim. Second, Bank of America argues that the Complaint should be dismissed because Holdridge does not allege facts to support his assertion that it failed to conduct a reasonable investigation into his dispute. Both arguments fail.

Bank of America's first argument seeks to twist Holdridge's alternatively pled claim into an admission. The Complaint brings FCRA claims against Experian on the one hand, and Bank of America on the other. The claims against Experian are based on that entity's alleged failure to carry out duties contained in §§ 1681e(b) and 1681i, including the duty to notify Bank of America once Holdridge disputed information in his credit report (hence the allegation that Experian never notified " any third parties . . . concerning Plaintiff's dispute"). In the Complaint's very next paragraph, however, Holdridge pivots from his claim against Experian to his claim against Bank of America, alleging that Bank of America "failed to conduct timely and reasonable investigations of Plaintiff's disputes *after being contacted by the relevant credit*

3

*reporting agencies concerning Plaintiff's disputes*." Compl. ¶ 17 (emphasis added). Because the Federal Rules permit alternative pleading, *see* Fed. R. Civ. P. 8(a)(3), Bank of America's first argument must be rejected.

Bank of America next argues that the Complaint should be dismissed because Holdridge alleges no facts to support his claim that Bank of America's investigation into his dispute was unreasonable. I disagree. The Third Circuit has warned against the premature determination of an investigation's reasonableness, stating that "the issue is normally a question for trial unless the reasonableness or unreasonableness of the [furnisher's investigative] procedures is beyond question." *Seamans*, 744 F. 3d at 865–66. That is simply not the case here. Only Bank of America knows whether and how it investigated Holdridge's dispute, an "inherent information asymmetry between furnisher[] and consumer[]" that makes this, like most § 1681s-2(b) claims, "particularly ill-suited to resolution at the pleading stage." *Hoffmann v. Wells Fargo Bank, N.A.*, ---F. Supp. 3d---, No. CV 16-4230, 2017 WL 1036150, at *14 (E.D. Pa. Mar. 16, 2017). Holdridge has alleged that Bank of America "failed to conduct timely and reasonable investigations of Plaintiff's disputes." Compl. ¶ 17. Under the circumstances, that is sufficient to survive Bank of America's motion. To vindicate his right to a reasonable investigation, Holdridge must be permitted to take some discovery.

### III. CONCLUSION

For the reasons set forth above, Bank of America's Motion to Dismiss will be denied. An appropriate order follows.

/s/ Gerald Austin McHugh<br>
United States District Judge